986 F.2d 1423
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Christopher Kevin HANEY, Defendant-Appellant.
 No. 92-5414.
 United States Court of Appeals, Sixth Circuit.
 Feb. 5, 1993.
 
 Before RALPH B. GUY, Jr. and ALAN E. NORRIS, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant, Christopher Kevin Haney, appeals the sentence imposed by the district court following his entry of a guilty plea to the charge of possessing with intent to distribute approximately 6.5 grams of LSD. Defendant makes a number of arguments on appeal that challenge the district court's application of the United States Sentencing Guidelines. First, he contends that the district court erred in calculating his base offense level based on the amount of LSD charged in the indictment, and not on the amount of the drug that defendant argues he had both the intent and ability to purchase. Second, he challenges the district court's decision placing him in Criminal History Category II due to his prior conviction in a Mississippi court. Third, he argues that the district court erroneously denied his request for a two-level reduction for acceptance of responsibility. Finally, defendant asserts that the district court erred when it enhanced his offense level by two levels for obstruction of justice.
 
 
 2
 Finding these arguments lack merit, we affirm the sentence imposed by the district court.
 
 I.
 
 3
 On August 17, 1990, officers from the Metro Narcotics Unit in Shelby County, Tennessee, executed a search warrant at an apartment in which a number of individuals, including defendant, were present. When asked, defendant acknowledged that the apartment was his. During their search, officers discovered 6.5 grams of LSD in defendant's bedroom. The officers also found $445 in his possession, and approximately $1,300 in the possession of one of the individuals present during the search.
 
 
 4
 On October 9, 1990, defendant was indicted on one count of possessing approximately 6.5 grams of LSD with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Defendant failed to appear in court on his report date and left the jurisdiction for several months. The government subsequently indicted him for his failure to appear. Eventually, defendant returned to the Memphis area and was apprehended by the authorities. He agreed to enter a guilty plea to the drug charge in exchange for the government's dismissal of the indictment for his failure to appear.
 
 II.
 
 5
 Defendant's first argument on appeal is that the district court erroneously calculated his base offense level. The district court determined the base offense level by applying Sentencing Guidelines § 2D1.1(a)(3), which provides that a defendant's base offense level for a violation of 21 U.S.C. § 841(a)(1) is that contained within the Drug Quantity Table. According to the table, offense level 28 applies to offenses involving at least four grams and less than seven grams of LSD. The district court calculated the base offense level to be 28 based on the 6.5 grams of LSD found in defendant's apartment. Defendant contends that the base level should have been 26. Because there was evidence that he intended to purchase only one-fifth of the 6.5 grams, he argues, the sentencing court should have concluded that he possessed only that lesser quantity.
 
 
 6
 In considering defendant's argument, we first note that a district court's factual findings made in connection with the Sentencing Guidelines are reviewed under the clearly erroneous standard. 18 U.S.C. § 3842(e); United States v. Sivils, 960 F.2d 587, 596 (6th Cir.), cert. denied, 113 S.Ct. 130 (1992). A district court's finding regarding the amount of drugs for which a defendant is to be held accountable is, therefore, reviewed for clear error.
 
 
 7
 We have carefully reviewed the record of defendant's plea hearing and sentencing hearing and are unable to conclude that the district court erred in sentencing him based on the entire quantity of LSD found in the apartment. At the plea hearing, defendant stood before the district court and admitted both his possession of 6.5 grams of LSD and his intent to transfer some of the drug to others. In view of these admissions, and the fact that the LSD was found in the bedroom of his apartment, the district judge was warranted in concluding that defendant possessed the entire amount and would control its distribution.
 
 III.
 
 8
 Defendant's second argument is that the district court erroneously placed him in Criminal History Category II based on a constitutionally infirm guilty plea he entered in Mississippi.
 
 
 9
 The Sentencing Guidelines permit a defendant's prior criminal record to be considered when determining the defendant's criminal history category. U.S.S.G. § 4A1.1. Sentencing Guidelines § 4A1.2 defines those prior sentences that are to be considered under § 4A1.1. Commentary Note 6 to § 4A1.2 provides:
 
 
 10
 Reversed, Vacated, or Invalidated Convictions. Sentences resulting from convictions that have been reversed or vacated because of errors of law, or because of subsequently-discovered evidence exonerating the defendant, are not to be counted. Also, sentences resulting from convictions that a defendant shows to have been previously ruled constitutionally invalid are not to be counted....
 
 
 11
 The background to § 4A1.2 adds that "[t]he Commission leaves for court determination the issue of whether a defendant may collaterally attack at sentencing a prior conviction."
 
 
 12
 Defendant argued before the district court at sentencing that when the state court accepted his guilty plea it did not inform him that a conviction could be used to enhance his sentence in subsequent prosecutions. We need not decide whether defendant was permitted to collaterally attack the validity of his state guilty plea, since even if he were permitted to do so, it is clear that he is unable to demonstrate that his state conviction was invalid. Defendant does not argue that his plea was involuntary under the United States Constitution, and he points to no statute, rule of procedure, or controlling case law that required the state court to inform him that his conviction could result in an enhanced sentence in the event of future convictions.
 
 
 13
 Accordingly, the district court did not err in factoring the state conviction into defendant's criminal history category.
 
 IV.
 
 14
 Defendant's next argument is that the district court erred in refusing to grant him a two-level reduction for acceptance of responsibility.
 
 
 15
 Sentencing Guidelines § 3E1.1(a) provides that "[i]f the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct," the court may reduce the defendant's offense level by two levels.
 
 
 16
 The district judge, in denying the reduction, stated that he was
 
 
 17
 of the opinion ... based on everything that I have in front of me, that the defendant has not accepted in a timely fashion responsibility for the crime for which he is charged in this case and the full scope of his activities. I do not accept many of the statements made ... as credible, and I do not accept some of the positions that he has taken in this sentencing hearing ... as credible.
 
 
 18
 We agree with the sentencing judge that the circumstances of this case did not mandate a finding that defendant had accepted responsibility as contemplated by the Sentencing Guidelines.
 
 V.
 
 19
 Defendant's final argument is that the district court erroneously assessed a two-step increase for obstruction of justice. Sentencing Guidelines § 3C1.1 permits a two-step enhancement "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the ... prosecution ... of the instant offense." Commentary Note 3(e) expressly provides that § 3C1.1 applies to conduct that includes "willfully failing to appear, as ordered, for a judicial proceeding."
 
 
 20
 Defendant's most persuasive argument on this issue is that he entered his guilty plea in exchange for the government's dismissal of the failure to appear charge and therefore that it is unfair for him to be sentenced for that conduct. Defendant provides no supporting case law for his position, however. Under the circumstances, we cannot say that the district court erred in assessing the enhancement.
 
 VI.
 
 21
 The judgments of conviction and sentence are affirmed.